**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

LAWRENCE E. COMBS,
    Plaintiff,

v.                                               Civil Action No. 3:20cv563

T. GIDDENS, et al.,
    Defendants.

## MEMORANDUM OPINION

Lawrence E. Combs, a Virginia inmate proceeding *pro se* filed this 42 U.S.C. § 1983 action. The defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 26.) Combs has responded. (ECF No. 29.) The motion for judgment on the pleadings, (ECF No. 26), will be GRANTED IN PART and DENIED IN PART.

## I. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as the standard used in a Rule 12(b)(6) motion for failure to state a claim. *See Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009); *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). As such, a Rule 12(c) motion tests the sufficiency of a complaint; it does not resolve contests surrounding the facts of the case, the merits of a claim, or the applicability of any defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted).

## II. RELEVANT FACTS AND ALLEGATIONS IN THE COMPLAINT

Combs is currently serving a 94-year sentence imposed in 2009 for multiple crimes of molesting a family member.  *Combs v. Clarke*, No. 3:12cv676, 2013 WL 5428147, at *1–2 (E.D. Va. Sept. 27, 2013).  Combs has been an inmate at Sussex II State Prison ("Sussex II") since 2013.  (ECF No. 1, at 7.)[1]  Sussex II is a security level four facility, and "it does not offer the main sex offender program, which is a program demanded from prisoners with charges of sex offenses, like [Combs], by the parole board, to be considered for geriatric parole release."  (*Id.* at 8.)  Combs has remained charge free, acquired a job, and taken other steps to enable him to be transferred to a level three facility.  (*Id.* at 8–9.)

The Virginia Department of Corrections ("VDOC") recently enacted a change to its procedures that requires that inmates "must have served 20 consecutive years or be within 40 years of their projected release date to be eligible for [a transfer to] a security level three assignment."  (*Id.* at 7–8.)  Combs asserts that "the aforementioned policy must be abolished and all prisoners, including [Combs,] must be treated in accordance to his behavior[] because anything else is a direct violation to due process and the [Eighth] Amendment of the United States Constitution."  (*Id.* at 8.)

Combs "is [also] a disabled veteran . . . ."  (*Id.*)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spelling and omits the emphasis in the quotations from Combs's submissions.  The Court omits any emphasis in the quotations from Combs's submissions.

> Sussex II . . . is not equipped to house and/or handle inmates with disabilities. Specifically, those in wheelchairs, [like Combs]. Having only one handicap shower for an average of 10 people, while limiting access to it with little to no time to use it.   Having also no access to microwave privileges that are wheelchair accessible . . . .   Having limited tables [that are] wheelchair accessible.    And providing no safety rails on ramps that are up/down hill for the disabled.

(*Id.* at 9.)[2]  There are no sidewalks on the recreation yards for people in wheelchairs.  (ECF No. 1, at 9.)

Combs names as defendants:  T. Giddens, a counselor; M. Carta Moore, a counselor; K.S. Turner, a Unit Manager; Foster, the Chief of Housing Operations; M. Vandermark, Operations Manager; and B. Cabell, the Warden.  (*Id.* at 1–3.)

Based on the foregoing facts, Combs makes the following claims for relief:

| Claim 1: | The defendants subjected Combs to cruel and unusual punishment when they denied him access to geriatric parole programming and a transfer to a lower security level prison. |
|---|---|
| Claim 2: | The defendants violated Combs's right to procedural due process when they denied his request for a transfer to a lower security institution and access to geriatric parole programming. |
| Claim 3: | The defendants violated Combs's right to equal protection when they did not grant his request for a transfer to a lower security prison and access to geriatric parole programming. |
| Claim 4: | Defendants Vandermark and Foster violated Combs's rights under Title II of the Americans with Disabilities Act ("ADA") when they denied him: (a) access to a sufficient number of wheelchair accessible showers; (b) access to safety ramps on walkways; (c) equal access to a microwave; and, (d) tables  suitable for wheelchair users. |

Combs demands monetary damages and injunctive relief.  (*Id.* at 12–14.)

---

[2] On March 25, 2020, Combs filed an informal complaint with the VDOC about the lack of handicap accessible microwaves.  (ECF No. 1–1, at 12.)  In response, M. Vandermark informed him that, "All facilities are getting 'Pod Microwave Workers.'  They will be the only ones allowed to touch the microwave."  (*Id.*)  Thereafter, Combs filed a grievance wherein he stated, in pertinent part, "a microwave worker will never be sufficient to solve the issue of not having a microwave wheelchair accessible . . . ."  (*Id.* at 13.)

### III. ANALYSIS

#### A. Eighth Amendment

To allege an Eighth Amendment claim, an inmate must present facts indicating (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such an extreme deprivation, Combs "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial

4

risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Combs fails to allege facts that indicate that his current housing assignment or the lack of some sex offender programming poses a substantial risk of serious harm to his person. Further, Combs fails to allege facts that indicate that he has sustained "a serious or significant physical or emotional injury" as a result of his current confinement or because he has been denied some sex offender programming. *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381). Lastly, Combs has not alleged facts that indicate any of the defendants acted with deliberate indifference. Accordingly, Claim 1 will be DISMISSED.

### B. Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted). A liberty interest "may arise from the Constitution itself" or from state laws and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). As explained below, Combs fails to demonstrate that the defendants' action affected any protected liberty interest.

5

"The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, there is no inherent constitutional right for a convicted individual to be held in any particular prison. *See Meachum v. Fano*, 427 U.S. 215, 223–24 (1976). Therefore, Combs must demonstrate that he has a state-created liberty interest in transfer to a lower security institution and access to geriatric parole programming. This he cannot do.

Demonstrating the existence of a state-created liberty interest, requires a "two-part analysis." *Prieto v. Clarke*, 780 F.3d 245, 249 & n.3 (4th Cir. 2015) (quoting *Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000)). First, a plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see Puranda v. Johnson*, No. 3:08cv687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citations omitted). If the nature of the restraint that the plaintiff challenges meets either prong of this threshold, the plaintiff must next show that Virginia's statutory or regulatory language "grants its inmates . . . a protected liberty interest in remaining free from that restraint." *Puranda*, 2009 WL 3175629, at *4 (alteration in original) (quoting *Abed v. Armstrong,* 209 F.3d 63, 66 (2d Cir. 2000)). "[C]hanges in a prisoner['s] location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Therefore, the defendants' failure to transfer Combs

6

to a lower security institution or to permit him access to geriatric parole programming does not pose an atypical and significant hardship.

Combs insists that the lack of such sex offender programming prevents him from being considered for geriatric parole. Combs, however, has not shown that the lack of that programming "inevitably affect[s] the duration of his sentence." *Sandin*, 515 U.S. at 487. Combs does not suggest that if he had access to that programming that he would inevitably be granted geriatric parole. *See Patterson v. Kaine*, No. 3:08cv490, 2010 WL 883807, at *5 (E.D. Va. Mar. 11, 2010). Moreover, given the discretionary nature geriatric parole, Combs cannot make that showing.[3] *See id.* Accordingly, Combs fails to demonstrate that he has protected liberty interests in a transfer to a lower security institution and access to geriatric parole programming. Accordingly, the Court will DISMISS Claim 2.

### C. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, a plaintiff must allege facts that establish: (1) "that he has been treated differently from others with whom he is similarly situated," and (2) that the differing treatment resulted from intentional

---

[3]The relevant statute provides:

Any person serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and who has served at least five years of the sentence imposed or (ii) who has reached the age of sixty or older and who has served at least ten years of the sentence imposed may petition the Parole Board for conditional release. The Parole Board shall promulgate regulations to implement the provisions of this section.

Va. Code Ann. § 53.1–40.01 (West 2022).

7

discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). In so doing, the plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998)).

Combs fails to allege any facts indicating that he has been treated differently than any other inmate with whom he is similarly situated. Indeed, Combs fails to even identify any other inmate in his complaint. Thus, Claim 3 will be DISMISSED.

### D. ADA

"Title II of the ADA provides that no qualified individual shall, 'by reason of [a] disability,' be denied the benefits of public 'services, programs, or activities' or be subject to discrimination by a public entity." *Fauconier v. Clarke*, 966 F.3d 265, 276 (4th Cir. 2020) (alteration in original) (quoting 42 U.S.C. § 12132). Because the proper defendant for a Title II ADA claim is a public entity; therefore, Combs's claims against Defendants Vandermark and Foster in their individual capacities will be DISMISSED. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999). Because, liberally construed, Combs's complaint also presents claims against Defendants Vandermark and Foster in their *official capacities*, the Court concludes that he has properly named a public entity. *Fauconier*, 966 F.3d at 280.

In general, a plaintiff seeking recovery under Title II of the ADA must allege that "(1) he has a disability; (2) he is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was 'excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of h[is] disability.'" *Spencer v. Earley*, 278 F. App'x 254, 261 (4th Cir. 2008) (quoting *Constantine v. George Mason Univ.*,

411 F.3d 474, 498 (4th Cir. 2005)).[4]

The defendants do not dispute that Combs's limited mobility constitutes a disability, but they dispute that Combs has alleged facts that indicate that he was either excluded from participation in or denied the benefit of any services, programs, or activities because of this disability. Specifically, the defendants assert, "[t]he fact that Combs alleges he wants more showers, more or different tables, and a different process by which to use the microwave does not plausibly show that a defendant has failed to 'accommodate' Combs's disability in the context of a program or service." (ECF No. 27, at 12 (citing *Wright v. Giuliani*, 230 F.3d 543, 548 (2d Cir. 2000)). In *Wright*, the Second Circuit found that the plaintiffs failed to demonstrate entitlement to a preliminary injunction and concluded that:

> the disabilities statutes do not require that substantively different services be provided to the disabled, no matter how great their need for the services may be. They require only that covered entities make "reasonable accommodations" to enable "meaningful access" to such services as may be provided, whether such services are adequate or not.

230 F.3d at 548. The defendants, however, fail to explain how the facts in *Wright* accord with Combs's case and demand dismissal here. To the extent that the defendants contend that a plaintiff

---

[4] The defendants contend that in addition to the above elements, an ADA plaintiff must identify the reasonable accommodation that he requested—and the defendants refused to provide—before an ADA claim can be asserted. (ECF No. 27, at 13 (citing *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 507 (4th Cir. 2016); *Reyazuddin v. Montgomery County, Maryland*, 789 F.3d 407, 414 (4th Cir. 2015); *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 465 (4th Cir. 2012); *Atkins v. County of Orange*, 251 F. Supp. 2d 1225, 1232 (S.D.N.Y. 2003)). With the exceptions of *Atkins*, none of the cases cited by the defendants involved a motion for judgment on the pleadings or otherwise indicated that information regarding the requested accommodation and denial must be set forth in the complaint. *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1197–98 (10th Cir. 2007) (concluding that "a public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation").

In any event, in his attachments to the complaint, Combs sets forth both his requests for accommodations with respect to the microwave, the tables, the ramps, and the showers and the defendants' refusal to provide the requested accommodations. (ECF No. 1–1, at 12–27.)

cannot state an ADA claim if the plaintiff eventually found a way to access the service, that contention is unpersuasive. *See Nat'l Fed'n of the Blind*, 813 F.3d at 505 ("[T]o assume the benefit is . . . merely the opportunity to vote at some time and in some way [ ] would render meaningless the mandate that public entities may not afford persons with disabilities services that are not equal to that afforded others." (alterations in original) (quoting *Disabled in Action v. Bd. of Elections in N.Y.*, 752 F.3d 189, 198–99 (2d Cir. 2014))).

In circumstances somewhat similar to those presented here, the Seventh Circuit observed:

> Plausibility is not an exacting standard, and [the plaintiff] has met it. Disability includes the limitation of one or more major life activities, which include walking, standing, bending, and caring for oneself, *see* 42 U.S.C. § 12102(2)(A), all of which [the plaintiff] finds difficult because of his hip. Although incarceration is not a program or activity, the meals and showers made available to inmates are. *See Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 375 (7th Cir. 2000); *Crawford v. Ind. Dep't of Corr.*, 115 F.3d 481, 483 (7th Cir. 1997); *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009); *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 287–88 (1st Cir. 2006); *Garfield v. Cook County*, No. 08 C 6657, 2009 WL 4015553, at \*3 (N.D. Ill. Nov. 19, 2009). The refusal to accommodate [the plaintiff's] disability kept him from accessing meals and showers on the same basis as other inmates.

*Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). In the wake of *Jaros*, other courts have concluded that where an inmate alleges that he did not have access to showers, meals, and tables on the same basis as the other inmates, he has pleaded a plausible claim under the ADA. *See, e.g.*, *Williams v. Pa. Dep't of Corr.*, No. 19–101J, 2021 WL 5770223, at \*14 (W.D. Pa. Dec. 3, 2021); *Boston v. Dart*, No. 14cv8680, 2015 WL 4638044, at \*3 (N.D. Ill. Aug. 4, 2015) (citing *Jaros*, 684 F.3d at 672). Although thin, the facts pled by Combs suggest that he has been denied the ability to access the showers, the tables, some outdoor spaces, and the microwave on an equal basis to other inmates. Given the facts pled, and the lack of any persuasive authority cited by the defendants as to the inadequacy of Combs's ADA claims, the defendants' motion for judgment on the pleadings with respect to Claim 4 will be DENIED.

10

## IV. **CONCLUSION**

The defendants' motion for judgment on the pleadings will be GRANTED IN PART and DENIED IN PART. Claims 1, 2, and 3 will be DISMISSED. Claim 4 will be DISMISSED as to Defendants Vandermark and Foster in their individual capacities. The defendants' motion to stay the summary judgment deadline, (ECF No. 25), will be GRANTED to the extent that any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

Combs's request to proceed *in forma pauperis*, (ECF No. 24), will be GRANTED. Combs also requests reimbursement for the $350.00 he already has paid toward the filing fee. The relevant statute requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Accordingly, Combs's motion for reimbursement, (ECF No. 23), will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 31 May 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

11